UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TERRY COLLINS #335315,

    Plaintiff,

v.                                                                4:08-cv-24

SHERIFF MURRAY BLACKWELDER,
et al.,

    Defendants.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff brought this action during his confinement in the Lincoln County Jail. His complaint contains a litany of alleged constitutional violations as the result of the conditions

Case 4:08-cv-00024-HSM-WBC Document 9 Filed 09/16/08 Page 1 of 3 PageID #: 24

of his confinement in the Lincoln County Jail. As defendants, plaintiff has named Sheriff Murray Blackwelder as well as numerous jail officials and employees. Plaintiff does not seek compensatory damages, but only seeks injunctive relief as to the conditions in the jail.

Shortly after this lawsuit was filed, plaintiff was transferred to the custody of the Tennessee Department of Correction and is currently housed at the Northwest Correctional Complex in Tiptonville, Tennessee. Thus, plaintiff's claims for injunctive relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility). Accordingly, because plaintiff seeks only injunctive relief, his action will be **DISMISSED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 S. Jefferson St., Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northwest Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

　　　　　　　　　　　　　　　　　　　　　　 */s/Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE